FILED
2022 May-24  AM 11:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **SANDY BURKE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **TALLADEGA CITY BOARD OF EUCATION,** | ) |
| **CYNTHIA WATTS, in her individual and official capacity as Principal,** | ) **Civil Action No.:** |
| **LESLIE BOLLENDORF, in her individual and official capacity as CFO,** | ) **JURY DEMAND** |
| **TONY BALL, in his individual and official capacity as Superintendent of the Talladega City Board of Education,** | ) |
| **Defendants.** | ) |

## COMPLAINT

COMES NOW the Plaintiff, SANDY BURKE, by and through her attorneys of record, and for her Complaint against the Defendants, TALLADEGA CITY BOARD OF EDUCATION, CYNTHIA WATTS, LESLIE BOLLENDORF, and TONY BALL, states as follows:

## I.  JURISDICTION AND VENUE

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) (depravation of constitutional or federal statutory right).

2.      Venue is proper pursuant to 28 U.S.C. § 1391 (all parties are located within the Northern District of Alabama, Eastern Division).

3.      This is a suit authorized and instituted pursuant to 42 U.S.C. § 1981, as amended, 42 U.S.C. § 1983, Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, including the Civil Rights Act of 1991 or 42 U.S.C. 2000(e) *et. seq.*, the "Age Discrimination in Employment Act" (hereinafter "ADEA") 29 U.S.C. §621 *et seq.*, and the Americans with Disabilities Act, as amended ("ADAAA") 42 U.S.C. §12102 *et. seq.*. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of the rights secured by these statutes, providing injunctive and other relief against race discrimination, age discrimination, disability discrimination and retaliation in employment. Jurisdiction of this Court is also invoked by 42 U.S.C. §1983 providing relief for violations of federal Constitutional or statutory rights.

## II.   PARTIES

4.      Plaintiff, Sandy Burke ("Burke"), is over the age of nineteen, and is a Caucasian citizen of the United States and is a resident of Talladega,

Alabama.

5.      Defendant, Talladega City Board of Education ("Board"), is a governmental entity within the State of Alabama, is an entity subject to suit under 42 U.S.C. § 1981,  is a person under color of state law subject to suit under 42 U.S.C. § 1983, is an employer under Title VII, is an employer under the ADAAA, and the Age Discrimination Act.

6.      The Defendant, Cynthia Watts ("Watts"), is over the age of nineteen, is a citizen of the United States and is a resident of the State of Alabama, within the Northern District of Alabama, Eastern Division. At all material times to this Complaint, Watts was Principal. She is being sued in her individual and official capacity.

7.      The Defendant, Leslie Bollendorf ("Bollendorf"), is over the age of nineteen, is a citizen of the United States and is a resident of the State of Alabama, within the Northern District of Alabama, Eastern Division. At all material times to  this Complaint, Bollendorf was CFO.  She is being sued in her individual and official capacity.

8.      The Defendant, Tony Ball ("Ball"), is over the age of nineteen, is a citizen of the United States and is a resident of the State of Alabama, within the Northern District of Alabama, Eastern Division. At all material times to this

Complaint, Ball was Talladega City School Superintendent. He is being sued in his individual and official capacity.

## III.   ADMINISTRATIVE PROCEDURES

9.      There are no statutory prerequisites for either 42 U.S.C. § 1981 or 42 U.S.C. § 1983, and the claims are filed within 4 years of the alleged actions.  28 U.S.C. § 1658.  *See also*, *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (U.S. 2004); *Baker v. Birmingham Bd. of Educ.*, 531 F.3d 1336 (11th Cir. 2008).

10.     The Plaintiff files this Complaint within the applicable statute of limitations.

11.     The Plaintiff filed a charge of discrimination 420-2021-01524 on April 2, 2021 (See Exhibit A, *4-2-2021 Charge of Discrimination*) and charge of discrimination 420-2021-02004 on May 28, 2021 (See Exhibit B, *5-28-2021 Charge of Discrimination*), within 180 days of the discriminatory acts.

12.     The Plaintiff received her right to sue letters on February 23, 2022 for charge 420-2021-01524 and 420-2021-02004. (See Exhibit C, *Right to Sue for 420-2021-01524* and Exhibit D, *Right to Sue for 420-2021-02004*).

13.     The Plaintiff is filing this suit within 90 days of receipt of her right to sue letters.

## IV.   STATEMENT OF PLAINTIFF'S FACTUAL ALLEGATIONS

14.     Burke is Caucasian.

15.     Burke has been employed by the Board as an Instructional Assistant for 24 years.

16.     Burke was 55 years old at all material times to this complaint hereto.

17.     Prior to working for the Board, Burke worked at a finance company as assistant manager for ten (10) years.

18.     Burke was far more experienced than the other applicants.

19.     After 2017, applicants for positions were required to fill out an application on the State website.

20.     When applicants apply for a position, the Superintendent appoints two other individuals to assist him in determining who to interview and then to conduct the interviews.

21.     On or about July 2, 2019, Tony Ball (Caucasian) was voted into the Superintendent Position.

22.     On or about December 13, 2019, Burke applied for the Secretary position at RL Young.

23.     Burke was interviewed by Leslie Bollendorf (Caucasian) and Linda Haynes (Caucasian).

24.     Principal Dr. Cynthia Watts wrote Burke a recommendation letter claiming she would make a great Secretary.

25.     Shantrell Owens, who is younger than Burke, received the position.

26.     On or about September 9, 2020, Dr. Cynthia Watts sent an email to everyone stating only certified personnel only have the opportunity to go home early each day.

27.     On or about September 15, 2020, Burke complained of disparate treatment to AEA representative, Charmel Lewis. Specifically, the pre-K auxiliary teachers (who were not certified personnel) were being allowed to leave early. The pre-K auxiliary teachers at Burke's school were African American. Burke is Caucasian.  She was not allowed to go home early. She complained the treatment was unfair.

28. AEA representative, Charmel Lewis, relayed this complaint to Tony Ball.

29.     On or about October 8, 2020, Burke applied for the position of School Secretary/Bookkeeper at Graham Elementary School within the Talladega City School Board.

30.     The Secretary/Bookeeper position paid more than Burke's hourly rate and constituted a promotion.

31.     Burke was interviewed by Dr. Cynthia Watts (Caucasian) and CFO Leslie Bollendorf (Caucasian).

32.     Starting on or about October 12, 2020, Burke was assigned to work in the office as acting School Secretary at Graham Elementary School.

33.     On or about November 4, 2020, Burke received a phone call from Abby Long asking for Dr. Cynthia Watts and asking when she could come to work as School Secretary.

34.     On or about November 12, 2020, Abby Long received the position which was to begin on November 15, 2020.

35.     Abby Long is 21 years old. Her work experience was: 4 months at the Talladega Daily Home in classifieds; 2 months as assistant to Attorney Mark Owsley; and Ace Hardware.

36.     Burke was far more qualified than Abby Long and she was already working the position, she had worked 10 years in finance company management, and had been with the system 24 years.

37.     Burke filed an EEOC charge on or about April 2, 2021 alleging Age Discrimination and Retaliation.

38.     On May 25, 2021, the Talladega City School Board through Dr. Cynthia Watts and Leslie Bollendorf claimed the reason Burke was not selected for the position given to Abby Long was because of her absenteeism.

39.     Burkes most recent absenteeism prior to the selection of Ms. Long was to care for her brother and take him to doctor's visits, who had been partially

paralyzed in a car accident, who developed Parkinson's Disease which is a progressive nervous system disorder that affects movement causes tremors, and causes stiffness and slowing of movement rendering him unable to care for one self and need assistance with daily life activities.

40.     Burke made the Administration aware of her need to care for her brother's disabled condition, and she was approved for said leave.

41.     Prior to caring for her brother, in 2017-2018, Burke's absenteeism was to care for her father who had dementia – a continuous decline in thinking, behavioral and social skills that affects a person's ability to function independently (daily life activities of thinking, communicating and caring for one's self), and heart condition.

42.     Burke made the Administration aware of her need to care for her father's disabled condition, and she was approved for said leave.

43.     Burke's father eventually died of a heart attack and vascular dementia on November 29, 2018.

44.     Burke made the Administration aware of her need to handle her father's death, and she was approved for said leave.

45.     Prior to caring for her father, in 2016, Burke's absenteeism was to care for her mother who had heart disease and Alzheimer's disease which is a progressive neurologic disorder that causes the brain to shrink (atrophy) and brain

cells to die. Alzheimers disease is the leading cause of dementia effecting daily life activities of thinking, communicating, caring for of one self, a continuous decline in thinking, behavioral and social skills that affects a person's ability to function independently among other daily life activities.

46.     Burke made the Administration aware of her need to care for her disabled mother, and she was approved for said leave.

47.     Prior to her mother's illness, Burke had been absent to have surgery on her shoulder and bicep which was a work related injury when she was kicked by a special education student. Burke was unable to use her shoulder and bicep which affected many daily activities such as picking up objects, getting ready for the day, putting on clothing, and any activity that utilized her shoulder and bicep.

48.     Burke made the Administration aware of her own disabling condition, her need for surgery, and she was approved for said leave.

49.     Two years prior to her surgery on her shoulder, Burke fell and broke her wrist requiring surgery to put a plate and screws into her wrist. Burke was unable to use that wrist or hand for many daily life activities such as picking up objects, getting ready for the day, putting on clothing, and any activity that utilized her wrist.

50.     Burke made the administration aware of her own disabling condition, her need for surgery and she was approved for said leave.

51.     Burke was never criticized on her evaluations for her absenteeism, and received a 3 (which means an area of strength) on her 2020 evaluation for "not handicapped by too frequent absences or illnesses."

52.     Merrie Jane Miller stated Burke is known for standing up to the administration for illegal actions against employees, and the administration has become angry with Burke and labeled her as a trouble-maker.

53.     Alabama law mandates, "The city superintendent of schools *shall* be the chief executive officer of the city board of education and *shall* see that the laws relating to the schools and the rules and regulations of the city board of education are carried into effect. Ala. Code §16-12-3 (1975); *See also* §16-1-30(a)(2) (Under definitions, the superintendent of a public city school system is the Chief Executive Officer).

54.     Alabama law mandates, "the city superintendent of schools… *shall* recommend for approval and adoption by the city board of education policies adapted to promote the educational interests of the city, and rules and regulations for the conduct of the schools. Ala. Code §16-12-5 (1975) (emphasis added).

55.     Alabama law mandates, "[t]he local board of education, shall,

*upon written recommendation* of the chief executive officer, determine and establish a written educational policy for the board of education and its employees and shall prescribe rules and regulations for the conduct and management of the schools. §16-1-30 (b)(emphasis added)."

56.    Alabama law mandates, "[t]he City superintendent of schools *shall* nominate in writing for appointment by the city board of education all …teachers, supervisors…and *all other employees of the board* and *shall* assign them to their positions, transfer them as the needs of the school require, recommend them for promotion…" Ala Code § 16-12-16 (1975)(emphasis added).

57.    Alabama law mandates, "[t]he city board of education *shall*, *upon the recommendation* of the city superintendent of schools, employ such professional, clerical, accounting and statistical assistants, as in the judgment of the board are necessary. Ala. Code. § 16-12-19 (1975 (emphasis added).

58.    Alabama law further mandates, "each member of a local board of education *shall* take formal action *upon* written recommendation of and *in consultation with the local superintendent of education*, and may not individually or jointly attempt to direct or corrupt operations of the school system in a manner that is inconsistent with the discharge of statutory functions

and responsibilities of the local superintendent of education. Ala. Code. §16-1-4.1(c)(2)(e)(emphasis added).

59.    Alabama law mandates the local board of education act in concert with the superintendent to establish a vision for the school system by adopting goals that address student needs, and monitor implementation of policies and programs by reviewing data., to adopt policies and programs upon the recommendation of the superintendent of education to further the educational goals of the system and respond to system needs, and to act on recommendations submitted by the local superintendent in a timely manner without regard to personal preference or political interests Ala. Code 16-1-4.1(d)(2)(a)-(e).

60.    The Board cannot vote on an applicant who is not recommended by the Superintendent.

61.    The Board did not conduct an investigation into any of the recommendations or reasons why the applicant was chosen by the Superintendent.

62.    By failing to investigate the reasons for the recommendations and voting yes to the applicants recommended by the Superintendents, the board ratified the reasons the Superintendent chose the applicant.

63.    By voting yes to the applicants recommended by the Superintendents, the Board ratified the Superintendents recommendations.

64.    The Board simply rubber-stamped the Superintendents recommendations.

65.    By rubber-stamping the Superintendents recommendations, the Board acted as a cat's paw.

66.    Defendants acted with malicious intent and/or reckless disregard forBurke's federally protected rights.

67.    Defendant, upon information and belief, has a habit and/or practice of discriminating against older, disabled, white employees.

68.    Defendants' illegal discriminatory adverse actions injured Burke causing her compensatory damages, lost wages, humiliation, embarrassment, stress, loss of sleep.

69.    Burke is now suffering and will continue to suffer irreparable injury from Defendants' unlawful policies and practices set forth herein unless enjoined by this Court.

70.    Defendants condoned, tolerated, and ratified discrimination and other adverse actions toward Burke.

71.    Defendants' actions were in violation of the Age Discrimination

Act, the ADAAA, Title VII and 1981/ 1983.

72.     Burke has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, punitive damages, attorney fees, expenses, costs, injunctive relief, and declaratory judgment is her only means of securing adequate relief.

73.     On or about May 26, 2021, within two months of filing her Charge, Burke was placed on administrative leave by Superintendent Ball without following proper procedure or providing Burke due process.

74.     Burke was not provided a reason for said leave.

75.     Burke had committed no violations to warrant administrative leave.

76.     Earlier in the day, Burke looked for another teacher, Ms. Smith, to give her son a graduation card.

77.     Abby Long looked up Ms. Smith and noted she had clocked in for the day.

78.     Ms. Smith left the campus to go into town, and when she came back Burke told her she had a card for her son.

79.     Ms. Smith stated she should get it from her tomorrow because she was "not here today".

80.     Burke responded, "Oh, I thought you were here".

81.     Ms. Barnett saw the exchange and yelled at Burke in the hallway to

stay out of their business, among other things.

82.     Later, Dr. Watts called Burke and asked her to come to the office, to which Burke readily agreed, however, Burke said she wanted to have her AEA rep present—which is her right.

83.     Dr. Watts and Superintendent Ball came to Burke's room, humiliated her, treated her like a criminal, placed her on administrative leave for the remainder of the year, told her she must leave the building and demanded her keys without further explanation.

84.     Burke was banned from the premises and locked out of her email.

85.     Burke, despite her inquiries, was never apprised of any allegations against her.

86.     Burke was not allowed to defend herself from any allegations due to the fact she was not informed of the allegations, banned from the property and locked out of her email to document a defense.

87.     On or about May 28, 2021, Burke filed a supplemental charge of discrimination alleging discrimination and retaliation.

88.     Talladega City School Board claims Burke's experience in Management was 24 years ago so she probably does not remember how to do bookkeeping. (this is admission of age discrimination)

89.     Talladega City School Board claims Burke's experience is outdated.

(this is admission of age discrimination)

90.     But in 2019, Dr. Cynthia Watts (the decisionmaker for the subject position) penned a recommendation for Burke stating she would be a wonderful Secretary/Bookkeeper and said letter was given to Leslie Bollendorf (the second decisionmaker for the subject position).

91.     There is no significant difference in how old Burke's particular experience and job performance between the 2019 position for which the letter was written and the 2020 position Burke sought subject to this complaint.

92.     Talladega City School Board, after the fact, claims Burke was not selected because she was non-renewed for a computer job in 1998.

93.     Many employees, if not all non-tenured employees were not renewed in 1998 and Burke was immediately rehired as a special education instructional assistant at Graham Elementary School effective August 10, 1998.

94.     Burke received a recommendation from the Principal David Culpepper stating Burke had "demonstrated many qualities that distinguish her among her peers" and has "an extremely pleasant, can-do attitude".

95.     Burke received no negative remarks on her evaluation that year.

96.     Later when a job came open in computer lab in 2004, Principal Culpepper recommended Burke for that position.

97.     Talladega City School Board claims a letter written 4 months after

the selection was the reason for her non-selection which criticized Burke for talking about Abby Long receiving the position *after* she received the position.

98.      Talladega City School Board claims Burke did not interview as well as Long.

99.      Documentation of the interviews do not support this claim.

100.      On or about August 11, 2021, Burke filed a Complaint in Federal Court alleging racial discrimination and retaliation pursuant to 42 U.S.C. 1981/1983.

101.      Since Burke filed her EEOC Charges and this Complaint in Federal Court she has been retaliated against by Dr. Cynthia Watts and Tony Ball including but not limited to:

a.      placing Burke on Administrative leave without proper due process or justification,

b.      humiliating Burke in front of co-workers by placing her on leave in front of them,

c.      escorting Burke out to her office to obtain her personal belongings,

d.      locking Burke out of email,

e.      banning Burke from the premises,

f.      refusing to allow Burke to fulfill her obligation to provide a fruit tray for a co-worker's retirement,

g.        not telling Burke about the allegations of an alleged complaint against her,

h.        not allowing Burke to defend herself against any alleged complaint against her,

i.        Requiring Burke to work continuously affording Burke no break time to use the restroom for the entire day except lunch;

j.        Not notifying Burke that a rattlesnake was in the building while sending an email to all other employees in the building to notify them of the threat;

k.        Not placing Burke in the office to cover for sick employees while taking a certified teacher out of their own class to cover the office;

l.        Sending instructions regarding students who Burke supervised to hand-picked staff members, but not Burke.

m.        Requiring Burke, who is not a certified teacher or certified substitute teacher to sub despite her objections, and in violation of policy, on the following dates:

08/18/21 for Barnett K moved to Lipscomb's 6th grade at 2:20
08/26/21 for Cooper 1/2 day 3rd
09/02/21 for Taylor P.E.
09/27/21 for Ruiz 1st
09/28/21 for Ruiz 1st sub came in at 8:30
10/01/21 for Graves 3rd

10/12/21 for Lipscomb 6th

10/13/21 for Gooden 5th

10/18/21 for Gooden 5th

10/19/21 for Gooden 5th

11/03/21 for Lipscomb 6th and Pinson 4th for RTI meetings

11/05/21 for Pinson 4th

11/15/21 for Gooden 5th

12/02/21 for Ruiz 1st

12/03/21 for Graves 3rd

01/05/22 for Gooden 5th

01/10/22 for Gooden 5th

01/18/22 for Cooper 3rd

01/22/22 for Barnett K

01/24/22 for Ruiz 1st

01/27/22 for Barnett K

02/09/22 for 12:30 for Barnett K - Pinson 4th for RTI meetings

03/03/22 subbed for Coach Taylor P.E.

03/04/22 subbed for Coach Taylor P.E.

03/09/22 subbed for Ms. Cooper 3rd grade. A certified teacher was subbing in the office for Ms. Long.

03/16/22 subbed for Coach Taylor P.E.

03/17/22 subbed for Ms. Barnett - K

03/18/22 subbed for Ms. Smith - K

03/28/22 subbed for Ms. Lipscomb - 6th Grade

(This retaliation is ongoing an there may be additional dates not listed)

n.   Failing to cover Burke's on the job injury medical bills,

o.   improperly classifying Burke's absence to go to the doctor for said injury, and

p.   providing Burke with a lower evaluation without justification which could effect pay raises.

## V.   STATEMENT OF PLAINTIFF'S CLAIMS

### COUNT ONE- AGE DISCRIMINATION
### (against the Talladega Board of Education)

102.   The Plaintiff adopts and reasserts paragraphs 1-101 as if fully set out herein.

103.   Burke is over the age of 40 and was 55 years old at all material times to this complaint.

104.   Burke applied for the position of Secretary/Bookeeper at Graham Elementary School which would have constituted a promotion with additional pay.

105.   Burke was qualified for the position as she was already working the position, had 10 years of experience in finance company management, and she had 24 years of experience in the system.

106.   Burke was not selected for the position.

107.   Abby Long, who was 21, received the position.

108.   Abby Long did not have experience in the position, and had never worked the position before.

109. Abby Long's job experience was 4 months at the Daily Home, 2 months as an assistant to Mark Owlsey, and Ace Hardware.

110. Talladega City School Board does not articulate a legitimate non-discriminatory reason and the reasons it does articulate are pretext.

111. Talladega City School Board claims Burke's experience in Management was 24 years ago so she probably does not remember how to do bookkeeping-- which is an admission of age discrimination i.e. not a legitimate non-discriminatory reason.

112. Talladega City School Board claims Burke's experience in bookkeeping is outdated --which is also an admission of age discrimination i.e. not a legitimate non-discriminatory reason.

113. Talladega City School Board claims it did not select Burke for the unlawful discriminatory reason of Burke's absences --which were all approved leave to care for her disabled parents, brother and self, which is an admission of disability discrimination i.e. not a legitimate non-discriminatory reason.

114. Burke was never criticized on her evaluations for absenteeism.

115. And in 2019, Dr. Cynthia Watts (the decisionmaker for the subject position) penned a recommendation for Burke stating she would be a wonderful Secretary/Bookkeeper which was given to Leslie Bollendorf (the second decisionmaker for the subject position).

116.   There is no significant difference in how old Burke's particular experience or job performance between the 2019 position for which the letter was written and the 2020 position Burke sought subject to this complaint.

117.   Talladega City School Board claims a letter written four months *after* the selection indicating Burke was talking about the selection *after* the selection was made was the reason Burke was not selected. Thus, it cannot be the cause if it was done after the decision was made

118.   Talladega City School Board claims Burke did not interview as well as Abby Long, but that claim is not supported by the interview documentation.

119.   As a proximate cause and cause in fact of the unlawful and discriminatory failure to promote, the Plaintiff was caused to suffer the following injuries and damages: lost wages (front and back pay with interest); lost benefits; compensatory damages, including, but not limited to: damage to career, shame, humiliation, embarrassment, stress, anxiety, anger, helplessness, emotional distress, pain, suffering, and out of pocket expenses.

## COUNT TWO-DISABILITY DISCRIMINATION
### (against the Talladega Board of Education)

120.   The Plaintiff adopts and reasserts paragraphs 1-119 as if fully set out herein.

121.   Burke was disabled, and caring for her disabled mother, disabled

father and disabled brother.

122.   Burke, her mother, her father, and her brother each had a condition that affected daily life activity.

123.   Burke's injuries effected the following daily life activities: picking up objects, getting ready for the day, putting on clothing, and any activity that utilized her shoulder, bicep, and wrist.

124.   Burke's Mother's Alzheimers disease affected the following daily life activities: thinking, communicating, driving, taking care of one self, remembering how to care for one self, remembering the identity of individuals you are speaking with among other daily life activities.

125.   Burke's father's dementia affected the following daily life activities: thinking, communicating, caring for of one self, a continuous decline in thinking, behavioral and social skills that affects a person's ability to function independently among other daily life activities.

126.   Burke's brother's Parkinson disease affected the following daily life activities: tremors, stiffness and slowing of movement rendering him unable to care for one self and need assistance with daily life activities.

127.   Burke applied for the position of Secretary/Bookeeper at Graham Elementary School which would have constituted a promotion with additional pay.

128.   Burke was qualified for the position as she was already working the

position, she had 10 years of experience in finance company management, and she had 24 years of experience in the system.

129.   Burke was not selected for the position.

130.   Abby Long, who was not disabled or caring for a disabled family member, received the position.

131.   Abby Long did not have experience in the position, and had never worked the position before.

132.   Abby Long's job experience was 4 months at the Daily Home, 2 months as an assistant to Mark Owlsey, and Ace Hardware.

133.   Talladega City School Board does not articulate a legitimate non-discriminatory reason and the reasons they do articulate are pretext.

134.   Talladega City School Board claims it did not select Burke for the unlawful discriminatory reason of Burke's absences which were approved leave to care for her disabled parents, brother and self—which is an admission of disability discrimination i.e. a not a legitimate discriminatory reason.

135.   And in 2019, Dr. Cynthia Watts (the decisionmaker for the subject position) penned a recommendation for Burke stating she would be a wonderful Secretary/Bookkeeper which was given to Leslie Bollendorf (the second decisionmaker for the subject position).

136.   There is no significant difference in how old Burke's particular

experience and/or her job performance between the 2019 position for which the letter was written and the 2020 position Burke sought subject to this complaint.

137.   Burke was not criticized on her evaluations for absenteeism in 2020.

138.   Talladega City School Board claims Burke's experience in Management was 24 years ago so she probably does not remember how to do bookkeeping-- which is an admission of age discrimination i.e. not a legitimate non-discriminatory reason.

139.   Talladega City School System claims Burke's experience in bookkeeping is outdated --which is also an admission of age discrimination i.e. not a legitimate non-discriminatory reason.

140.   Talladega City School Board claims a letter written four months *after* the selection indicating Burke was talking about the selection *after* the selection was made was the reason Burke was not selected. Thus, since it occurred after the selection, it could not be the reason for the selection.

141.   Talladega City School Board claims Burke did not interview as well, but that claim is not supported by the interview documentation.

142.   As a proximate cause and cause in fact of the unlawful and discriminatory failure to promote, the Plaintiff was caused to suffer the following injuries and damages: lost wages (front and back pay with interest); lost benefits; compensatory damages, including, but not limited to: damage to

career, shame, humiliation, embarrassment, stress, anxiety, anger, helplessness, emotional distress, pain, suffering, and out of pocket expenses.

### COUNT III- RETALIATION
### (Against Talladega City School Board-42 U.S.C. 2000(e) and/or 1981/1983,  ADA, and ADEA
### Against Tony Ball, Cynthia Watts and Leslie Bollendorf-1981/1983)

143.   The Plaintiff adopts and reasserts paragraphs 1-142 as if fully set out herein.

144.   The Defendants retaliated against Burke for her acts of objecting to and reporting unlawful racial discrimination, Age Discrimination, and Disability Discrimination against the Talladega School Board.

145.   Since Burke filed her EEOC charges and her Complaint in Federal Court she has been retaliated against by Dr. Cynthia Watts, and Tony Ball including but not limited to:

a.   placing Burke on Administrative leave without proper due process or justification,

b.   humiliating Burke in front of co-workers by placing her on leave in front of them,

c.   escorting Burke out to her office to obtain her personal belongings,

d.   locking Burke out of email,

e.      banning Burke from the premises,

f.      refusing to allow Burke to fulfill her obligation to provide a fruit tray for a co-worker's retirement,

g.      not telling Burke about the allegations of an alleged complaint against her,

h.      not allowing Burke to defend herself against any alleged complaint against her,

i.      Requiring Burke to work continuously affording Burke no break time to use the restroom for the entire day except lunch;

j.      Not notifying Burke that a rattlesnake was in the building while sending an email to all other employees in the building to notify them of the threat;

k.      Not placing Burke in the office to cover for sick employees while taking a certified teacher out of their own class to cover the office;

l.      Sending instructions regarding students who Burke supervised to hand-picked staff members, but not Burke.

m.      Requiring Burke, who is not a certified teacher or certified substitute teacher to sub despite her objections, and in violation of policy, on the following dates:

08/18/21 for Barnett K moved to Lipscomb's 6th grade at 2:20
08/26/21 for Cooper 1/2 day 3rd

09/02/21 for Taylor P.E.

09/27/21 for Ruiz 1st

09/28/21 for Ruiz 1st sub came in at 8:30

10/01/21 for Graves 3rd

10/12/21 for Lipscomb 6th

10/13/21 for Gooden 5th

10/18/21 for Gooden 5th

10/19/21 for Gooden 5th

11/03/21 for Lipscomb 6th and Pinson 4th for RTI meetings

11/05/21 for Pinson 4th

11/15/21 for Gooden 5th

12/02/21 for Ruiz 1st

12/03/21 for Graves 3rd

01/05/22 for Gooden 5th

01/10/22 for Gooden 5th

01/18/22 for Cooper 3rd

01/22/22 for Barnett K

01/24/22 for Ruiz 1st

01/27/22 for Barnett K

02/09/22 for 12:30 for Barnett K - Pinson 4th for RTI meetings

03/03/22 subbed for Coach Taylor P.E.

03/04/22 subbed for Coach Taylor P.E.

03/09/22 subbed for Ms. Cooper 3rd grade. A certified teacher was subbing in the office for Ms. Long.

03/16/22 subbed for Coach Taylor P.E.

03/17/22 subbed for Ms. Barnett - K

03/18/22 subbed for Ms. Smith - K

03/28/22 subbed for Ms. Lipscomb - 6th Grade

(This retaliation is ongoing an there may be additional dates not listed)

      n.     Failing to cover Burke's on the job injury medical bills,

      o.     improperly classifying Burke's absence to go to the doctor for said injury.

      p.     Providing Burke with a lower evaluation without justification which could affect pay raises.

146.    Defendants retaliated against Burke because of her race, ADAAA, ADEA, and Title VII complaints.

147.    Defendants acted with malicious intent and/or reckless disregard for Burke's federally protected rights.

148.    Defendants have a custom, habit, practice of retaliating against employees who complain, and condoning and/or allowing discrimination.

149.    Defendants' acts would deter a reasonable person from engaging in protected activity.

150.    As a proximate cause and cause in fact of said retaliation, the Plaintiff was caused to suffer the following injuries and damages: lost wages (front and back pay with interest); lost benefits; compensatory damages, including, but not limited to: damage to career, shame, humiliation, embarrassment, stress, anxiety, anger,

helplessness, emotional distress, pain, suffering, and out of pocket expenses.

## COUNT V- RACE DISCRIMINATION-
## DISPARATE TREATMENT
### (Against Talladega City School Board- 42 U.S.C. 2000(e) and/or 1981/1983
### Against Cynthia Watts 1981/1983)

151.   Burke is Caucasian

152.   Burke was not allowed to leave every day at 2:00 p.m.

153.   Black employees were allowed to leave every day at 2:00 p.m.

154.   As a proximate cause and cause in fact of said retaliation, the Plaintiff

was caused to suffer the following injuries and damages: lost wages (front and back

pay with  interest); lost benefits; compensatory damages, including, but not limited

to:  damage to career, shame, humiliation, embarrassment, stress, anxiety, anger,

helplessness, emotional distress, pain, suffering, and out of pocket expenses.

## COUNT VI- RETALIATORY HARASSMENT-
## HOSTILE WORK ENVIRONMENT
### (Against Talladega City School Board-42 U.S.C. 2000(e) and/or
### 1981/1983,  ADA, and ADEA
### Against Tony Ball, Cynthia Watts and Leslie Bollendorf-1981/1983)

155.   Burke complained of race discrimination, violations of Title VII,

violation of the ADAAA and violations of the ADEA.

156.  Since Burke filed her EEOC charges and her Complaint in Federal

Court she has been harassed retaliated against by Dr. Cynthia Watts, and Tony Ball

including but not limited to:

      a.    placing Burke on Administrative leave without proper due process or justification,

      b.    humiliating Burke in front of co-workers by placing her on leave in front of them,

      c.    escorting Burke out to her office to obtain her personal belongings,

      d.    locking Burke out of email,

      e.    banning Burke from the premises,

      f.    refusing to allow Burke to fulfill her obligation to provide a fruit tray for a co-worker's retirement,

      g.    not telling Burke about the allegations of an alleged complaint against her,

      h.    not allowing Burke to defend herself against any alleged complaint against her,

      i.    Requiring Burke to work continuously affording Burke no break time to use the restroom for the entire day except lunch;

      j.    Not notifying Burke that a rattlesnake was in the building while sending an email to all other employees in the building to notify them of the threat;

      k.    Not placing Burke in the office to cover for sick employees while taking a certified teacher out of their own class to cover the office;

l.    Sending instructions regarding students who Burke supervised to hand-picked staff members, but not Burke.

m.    Requiring Burke, who is not a certified teacher or certified substitute teacher to sub despite her objections, and in violation of policy, on the following dates:

08/18/21 for Barnett K moved to Lipscomb's 6th grade at 2:20

08/26/21 for Cooper 1/2 day 3rd

09/02/21 for Taylor P.E.

09/27/21 for Ruiz 1st

09/28/21 for Ruiz 1st sub came in at 8:30

10/01/21 for Graves 3rd

10/12/21 for Lipscomb 6th

10/13/21 for Gooden 5th

10/18/21 for Gooden 5th

10/19/21 for Gooden 5th

11/03/21 for Lipscomb 6th and Pinson 4th for RTI meetings

11/05/21 for Pinson 4th

11/15/21 for Gooden 5th

12/02/21 for Ruiz 1st

12/03/21 for Graves 3rd

01/05/22 for Gooden 5th

01/10/22 for Gooden 5th

01/18/22 for Cooper 3rd

01/22/22 for Barnett K

01/24/22 for Ruiz 1st

01/27/22 for Barnett K

02/09/22 for 12:30 for Barnett K - Pinson 4th for RTI meetings

03/03/22 subbed for Coach Taylor P.E.

03/04/22 subbed for Coach Taylor P.E.

03/09/22 subbed for Ms. Cooper 3rd grade. A certified teacher was subbing in the office for Ms. Long.

03/16/22 subbed for Coach Taylor P.E.

03/17/22 subbed for Ms. Barnett - K

03/18/22 subbed for Ms. Smith - K

03/28/22 subbed for Ms. Lipscomb - 6th Grade

(This retaliation is ongoing an there may be additional dates not listed)

      n.    Failing to cover Burke's on the job injury medical bills,

      o.    improperly classifying Burke's absence to go to the doctor for said injury.

      p.    Providing Burke with a lower evaluation without justification which could affect pay raises.

157.    The conduct is offensive to Burke, and would be offensive to a reasonable employee in Burke's position.

158.    The Administration has been notified of the harassment and retaliation, and does not stop the behavior.

159.    The Administration ratified the behavior of its employees by allowing

the harassing and retaliatory behavior to continue without consequences.

160.    Defendants' acts would deter a reasonable person from engaging in protected activity.

161.    As a proximate cause and cause in fact of said retaliation, the Plaintiff was caused to suffer the following injuries and damages: lost wages (front and back pay with interest); lost benefits; compensatory damages, including, but not limited to: damage to career, shame, humiliation, embarrassment, stress, anxiety, anger, helplessness, emotional distress, pain, suffering, and out of pocket expenses.

## VI.   DAMAGES

162.    The Plaintiff was caused to suffer lost wages (front and back pay with interest), lost benefits, damage to career, damage to reputation, shame, humiliation, embarrassment, stress, anxiety, anger, fear, helplessness, emotional distress, pain, suffering, and out of pocket expenses.

163.    Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

164.    The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for back pay, front pay, compensatory damages, punitive damage , attorney' fees, expenses, costs, injunctive relief, and declaratory judgment is her only means of securing

adequate relief.

## VI.    PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Honorable Court assume jurisdiction of this action and award Plaintiff the following relief:

a.        Grant Plaintiff an Order requiring Defendant to make her whole by granting appropriate declaratory relief, back pay, front pay, lost benefits, compensatory damages (including damages for mental anguish and emotional distress), punitive damages, nominal damages, costs, expenses, pre- and post-judgment interest, attorneys' fees and costs, injunctive relief, and declaratory judgment.

b.        Plaintiff prays for such other, further, different, or additional relief and benefits as justice may require.

**PLAINTIFF REQUESTS A STRUCK JURY ON ALL CLAIMS.**

Done this the 24th day of May, 2022

*/s/ Patricia A. Gill*
Patricia A. Gill (ASB-0780-I66P)

OF COUNSEL:
PATRICIA A. GILL, P.C.
P. O. Box 55304
Birmingham, AL 35255
patriciagill@yahoo.com
Phone:  (205) 789-1906
Facsimile: (205) 980-9809

/s/ *Sonya C. Edwards*
Sonya C. Edwards (ASB-8848-S73E)

OF COUNSEL:
EDWARDS LAW, LLC
3900 Montclair Road
Suite 1 #130937
Birmingham, AL 35213
sonya@sonyaedwardslaw.com
Phone (205) 871-7567

## PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL:

Talladega City Board of Education
501 South Street East
Talladega, AL 35160

Tony Ball
826 Highland Avenue
Anniston, AL 36207

Cynthia Watts
2037 Stemley Bridge Road
Talladega, AL 351160

Lesley Bollendorf
868 Old Field Road
Jacksonville, AL 36265